**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MELODY TAPLEY-SMITH,
Individually and on Behalf of All
Others Similarly Situated

    Plaintiff,

v.                                      Case No. 3:18-cv-1488-J-32JRK

PACESETTER CLAIMS SERVICE,
INC.,

    Defendant.

## **O R D E R**

This case is before the Court on Plaintiff Melody Tapley-Smith's Motion for Conditional Certification Pursuant to 29 U.S.C. § 216(b) (Doc. 76), to which Defendant Pacesetter Claims Service, Inc. responded (Doc. 77), and Tapley-Smith replied (Doc. 80). For the reasons below, the Court grants the motion.

## **I. BACKGROUND**

On December 18, 2018, Tapley-Smith filed an Individual and Collective Action Complaint, (Doc. 1), against Pacesetter under the Fair Labor Standards Act ("the FLSA") on behalf of her and all others similarly situated.[1] A total of

---

[1] "Collective action" is the proper term under the FLSA. However, for ease of reference, the Court will sometimes refer to the "collective" as a "class."

twenty-nine plaintiffs have joined Tapley-Smith in this action. (Doc. 76 at 2).[2] Tapley-Smith alleges a single cause of action under the FLSA, individually and collectively, claiming that Pacesetter violated 29 U.S.C. § 207 by failing to pay overtime wages in weeks which she and similarly situated employees worked more than forty hours. (Doc. 1 ¶¶ 47–53).

Tapley-Smith worked for Pacesetter as an insurance adjuster in Florida from August 7, 2017, to March 30, 2019. (Doc. 76 at 4). Pacesetter provides field inspection services, adjusting, loss consulting, and workflow management services. (Doc. 76 at 1). Tapley-Smith alleges that she and other similarly situated employees were not paid overtime compensation to which they were entitled, and instead were paid a non-guaranteed "day rate," which is a flat sum for each day worked. (Doc. 76 at 4–5). Tapley-Smith estimates that the proposed class numbers more than 150 employees. (Doc. 76 at 4). Finally, Tapley-Smith alleges that Pacesetter willfully violated the FLSA, thus extending the statute of limitations to three years. (Doc. 1 ¶ 40).

## II. ANALYSIS

If an employer violates the FLSA, then its employees may bring a collective action against it. See 29 U.S.C. § 216(b). Unlike a traditional class

---

[2] Since Tapley-Smith filed this Motion, one opt-in plaintiff has left the case, (Doc. 83), and one has joined, (Doc. 81), leaving the total number of opt-in plaintiffs unchanged.

action under Federal Rule of Civil Procedure 23, the FLSA requires collective members to "opt-in." See id. Thus, subsequent plaintiffs who wish to join the lawsuit "must affirmatively consent to be a party and file written consent with the court." Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1259 (11th Cir. 2008). To bring or maintain an FLSA collective action against an employer, the employees must make a showing that they are "similarly situated." Id. at 1260.

Although it is not required, the Eleventh Circuit has "sanctioned a two-stage procedure for district courts to effectively manage FLSA collective actions in the pretrial phase." Id. Step one is the "notice stage," or "conditional certification stage," where "a district court determines whether other similarly situated employees should be notified."[3] Id. At the notice stage, the standard for conditional certification is "not particularly stringent, fairly lenient, flexib[le], not heavy, and less stringent than that for joinder under Rule 20(a) or for separate trials under 42(b)." Id. at 1261 (internal quotations and citations omitted). A plaintiff need only show a "'reasonable basis' for his claim that there are other similarly situated employees." Id. at 1260. Before conditionally certifying a class, a "district court should satisfy itself that there are other employees . . . who desire to 'opt-in' and who are 'similarly situated' with respect

---

[3] Step two "is triggered by an employer's motion for decertification. . . . This second stage is less lenient and the plaintiff bears a heavier burden." Morgan, 551 F.3d at 1261. As this case is currently in the "notice stage," the Court will not discuss step two any further.

to their job requirements and with regard to their pay provisions." Dybach v. Fla. Dep't of Corr., 942 F.2d 1562, 1567–68 (11th Cir. 1991).

**A. Tapley-Smith's Proposed Class is Conditionally Certified**

Tapley-Smith asks the Court to conditionally certify a class composed of the following persons:

> All current and former employees of Pacesetter Claims Service, Inc., who between August 7, 2017 and March 30, 2019:
>
> 1. Have held the positions of "Associate Adjuster," "Adjusters," "Adjuster I," "Adjuster II," "Adjuster III," "Team Lead I," "Team Lead II," "Lit Admin," "Admin," "Litigation Administrator," "Appraiser," "Claims Analysts," "Claims Adjuster," "Independent Adjuster," "Litigation Claims Specialist," "Litigation Desk Adjuster," "Litigation Administrator," or "Litigation Specialists" or who have performed duties similar to the duties performed by Plaintiffs in providing services related to adjusting insurance claims in Florida for Pacesetter clients;
>
> 2. Were paid a daily rate of pay for their services; and
>
> 3. Worked more than forty (40) hours in workweeks without being paid overtime premium wages for the hours worked over forty (40) pursuant to the federal Fair Labor Standards Act.

(Doc. 76 at 3).

The Court finds that, through the pleadings and affidavits, Tapley-Smith has alleged a "reasonable basis" for her claim that there are other employees similarly situated to her with respect to job requirements and pay provisions. Further, twenty-nine of those employees have already joined the

4

lawsuit. (See Docs. 3–8; 16–18; 20; 23; 26–36; 38; 40–41; 45; 47; 49; 81). This satisfies the Eleventh Circuit's test for conditional certification. See Dybach, 942 F.2d at 1567–68. As Pacesetter does not contest conditional certification at this stage, the Court will conditionally certify the collective and allow Tapley-Smith to disseminate the Proposed Notice of Lawsuit ("Notice") and Consent to Sue Under FLSA ("Consent") Forms (Docs. 76-3; 76-4) specifying a thirty-day opt-in period, subject to the provisions discussed below.

**B. The Proposed Notice, Consent, and Reminder Forms**

Although it does not contest conditional certification, Pacesetter raises several issues regarding Tapley-Smith's proposed forms. The Court will address each in turn.

<u>1. The description of the proposed class will remain the same.</u>

Pacesetter objects to the description of the proposed class in the Notice. Specifically, Pacesetter asks the Court to delete the provision of the class description that states: "Were paid a daily rate for their services." (Doc. 77 at 2). Pacesetter argues that because it disputes this factual issue, such an allegation should not appear in the Notice. (Doc. 77 at 2). Tapley-Smith replies that removing the provision will broaden the class and extend it to employees who held the enumerated titles but were paid differently. (Doc. 80 at 1). The Court agrees with Tapley-Smith that removing this provision might cause confusion if salaried employees opt-in. Further, other courts have approved

5

class descriptions with similar language. See, e.g., Lockwood v. CIS Servs., LLC, No. 3:16-cv-965-J-39PDB, 2017 WL 6335955, at *4 (M.D. Fla. Sept. 26, 2017). Therefore, the class description on page one of the Notice will remain the same. Additionally, the Court is unsure why this language is absent from Section 3 of the Notice and directs the parties to add it to avoid any confusion on the scope of the class.

2. Pacesetter's proposed language should be included in the Notice.

Next, Pacesetter points out that the Notice lacks any language describing its position in the lawsuit and asks the Court to insert the following language into Section 2 of the Notice:

> The Court has not issued any opinion or decision in support of Plaintiff Melody Tapley-Smith's allegations. Pacesetter denies all allegations in this lawsuit and contends that Plaintiff, and all individuals receiving this notice, were correctly and completely paid for all amounts to which they were entitled by law and that it has at all times complied with all applicable law. Moreover, Pacesetter denies that Plaintiff, or any person that elects to opt-in to this lawsuit, is entitled to receive any amount of damages.

(Doc. 77 at 3). Tapley-Smith objects only to the final sentence of Pacesetter's proposed addition on the grounds that it is duplicative of the rest of the paragraph. (Doc. 80 at 2). The Court disagrees that it is duplicative. The second half of the second sentence of the proposed language relates to Pacesetter's conduct prior to the lawsuit. The final sentence relates to Pacesetter's position on the outcome of these proceedings. Therefore, it is not duplicative and the

6

Court will allow Pacesetter to insert the entire paragraph into Section 2 of the Notice.

### 3. Plaintiff's may use email to disseminate the Notice.

Pacesetter objects to the use of email to disseminate the Notice. (Doc. 77 at 3). However, "[a] number of courts have determined that email is an inexpensive and appropriate means of delivering notice of an action to a class." Palma v. Metropcs Wireless, Inc., No. 8-13-cv-698-T-33MAP, 2014 WL 235478, at *2 (M.D. Fla. Jan. 22, 2014) (collecting cases). Allowing both email and first-class mail ensures that potential class members receive notice of the lawsuit. See Miller v. FleetCor Techs. Operating Co., LLC., No. 1:13-CV-02403-SCJ, 2014 WL 12543337, at *7 (N.D. Ga. Apr. 8, 2014) ("[T]he facilitation of court-approved notice to potential members of the collective is furthered by permitting limited notification via e-mail in this case.").

Although Pacesetter is concerned that an email recipient may edit and forward the message to unintended recipients, such concerns exist with any means of communication. See Robinson v. Sailormen, Inc., No. 1:14cv44-MW/GRJ, 2016 WL 11528450, at *9 (N.D. Fla. Nov. 18, 2016) ("The same concerns raised by Defendant apply equally to mailed class notice; one could scan that notice, edit it, and forward it along to others just as they could with an email. Further, the benefits of emailed notice outweigh the potential harms."). Similarly, Pacesetter's concern about multiple individuals with joint

access to an email account applies even more so to first-class mail. An individual needs a password to access an email account whereas anyone can open a mailbox, or any household member can access a person's mail once it is brought into the house.

Countless Americans opt to receive most of their correspondence in a "paperless" fashion. Regardless of whether the insurance adjusting industry is "inherently nomadic," which it very well might be, the Court approves a one-time email—in addition to first-class mail—as an appropriate means of sending the Notice. However, the Court will qualify the use of email by limiting it to potential class members' personal email addresses. See, e.g., Williams v. Coventry Health Care of Fla., Inc., No. 6:16-cv-731-Orl-41TBS, 2016 WL 7013530, at *2 (M.D. Fla. Oct. 4, 2016) ("Plaintiff has not shown a basis for permitting the transmittal of the Notice to putative class members by way of their work email addresses at Defendant's place of business. Requiring Defendant to disclose and allow for the use of work email addresses it provides to its employees is more intrusive than allowing Plaintiff to utilize personal email addresses."). Therefore, the Court will order Pacesetter to produce any available personal email addresses of potential class members and allow Tapley-Smith to send the Notice to those email addresses. Accordingly, the Court also directs the parties to review the Consent Form and add an option to return it via email.

### 4. Plaintiffs may not send out a reminder.

Pacesetter also objects to Tapley-Smith's request to send a reminder notice, (Doc. 76-5), within the thirty-day opt-in period. Pacesetter argues that such a reminder is "superfluous and could be viewed as harassment or as encouragement by the Court to join the lawsuit." (Doc. 77 at 5). Tapley-Smith did not reply to this objection. "Reminder notices are unnecessary because they are redundant and could be interpreted as encouragement by the Court to join the lawsuit." Campbell v. Pincher's Beach Bar Grill Inc., No. 2:15-cv-695-FtM-99MRM, 2016 WL 3626219, at *6 (M.D. Fla. July 7, 2016). This is especially true here because, presumably to comply with applicable ethics rules, the proposed reminder states that it "is a Court-Authorized Notice and is not a solicitation from a lawyer." (Doc. 76-5). As the Court is allowing Tapley-Smith to use email as a means of disseminating the initial Notice in addition to first-class mail, it finds a reminder unnecessary.

### 5. A third party administrator is unnecessary.

Finally, Pacesetter requests that the Court allow a neutral third party administrator to facilitate notice and consent at Pacesetter's expense. (Doc. 77 at 7). Pacesetter's primary concern is "the potential for abuse by Plaintiff's counsel." (Doc. 77 at 7). However, "[a]side from these generalized assertions, the Defendant provides no concrete reasons why the Plaintiffs' counsel cannot be trusted with the information requested." Stitt v. Am. Disposal Servs. of Ga.,

9

Inc., No. 1:18-CV-2516-TWT, 2018 WL 6716046, at *4 (N.D. Ga. Dec. 20, 2018) (denying defendant's request to use a third party administrator).

Tapley-Smith is not requesting sensitive information such as social security numbers—or even telephone numbers—that would necessitate heightened privacy protection. Further, this is not a case where the number of potential opt-in plaintiffs might overwhelm Tapley-Smith's counsel. The number of potential plaintiffs will likely be somewhere between 150 and 200. (Doc. 76 at 4). Tapley-Smith's counsel has recently handled cases of similar size in this district without using a third party administrator. See Order on Plaintiff's Motion for Conditional Certification, Edwards v. CIS Servs., LLC, No. 3:18-cv-637-J-39PDB (M.D. Fla. Nov. 16, 2018), ECF No. 91; Lockwood, 2017 WL 6335955. Therefore, the Court finds that a third party administrator is unnecessary.

Accordingly, it is hereby

**ORDERED:**

1. Melody Tapley-Smith's Motion for Conditional Certification (Doc. 76) is **GRANTED**.

2. The Proposed Notice Form is approved subject to the addition of Pacesetter's proposed language to Section 2 and the Court's suggested language to Section 3.

3. The Proposed Consent Form is approved subject to the addition of an option to return the Consent Form via email.

4. The Proposed Reminder Form is not approved.

5. Consistent with this Order, the parties will comply with the following deadlines, which shall be reflected as necessary in the Notice and Consent Forms:

    a. The parties shall jointly submit to the Court revised Notice and Consent Forms reflecting the foregoing changes **no later than May 4, 2020**.

    b. Pacesetter shall produce the full names, last known addresses, and personal email addresses (if available) of potential collective members employed by Pacesetter from August 7, 2017 to March 30, 2019. This information shall be produced to Tapley-Smith in paper and electronic format **no later than May 18, 2020**.

    c. Tapley-Smith's counsel shall send the Notice and Consent Forms to potential class members via first-class mail and email **no later than June 3, 2020**.

    d. Potential collective members shall opt-in to the lawsuit by mailing, faxing, or emailing the Consent Form to Tapley-Smith's counsel **no later than July 7, 2020**.

6. **No later than May 4, 2020**, the parties shall file a Joint Notice concerning whether the deadlines in the most recent Case Management and Scheduling Order (Doc. 75) remain viable or, if not, proposing new deadlines.

**DONE AND ORDERED** in Jacksonville, Florida this 14th day of April, 2020.

*/s/ Timothy J. Corrigan*
TIMOTHY J. CORRIGAN
United States District Judge

mbd
Copies to:

Counsel of record